UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CLARENCE VINSON KNIGHT,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES SCHUYLER, et al.,<br><br>Defendants. | Case No.  25-cv-09524-VC<br><br>**ORDER OF SERVICE; STAYING ACTION; AND REFERRING FOR SETTLEMENT PROCEEDINGS; DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

Clarence Vinson Knight, a California state prisoner at the Richard J. Donovan Correctional Facility proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 regarding an incident that took place at Salinas Valley State Prison (SVSP). Knight has filed a motion for leave to proceed *in forma pauperis*, which is granted in a separate order. Service of the complaint on some defendants is ordered, and the case is stayed and referred for preliminary settlement proceedings.

**DISCUSSION**

**I.      Standard of Review**

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*,

487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

## II.    Knight's Allegations

Knight names the following defendants: Warden Charles Schuyler, Captain G. Constantino, Associate Warden Jose Ortega, and correctional staff A. Camacho, Gene Matias, A. Tapia, E. Howard, A. Selby, E. Martinez, and A. Perez.

Knight alleges the following:

On or near August 9, 2023, defendants facilitated and failed to prevent an attempted murder of Knight. Knight was housed in Facility C at SVSP when defendant Matias, the floor officer, alerted other prisoners that Knight would be coming through the rotunda door, allowing the other prisoners to position themselves to attack Knight. As Knight came through the door, other prisoners attacked him with manufactured weapons and stabbed him repeatedly. Defendants Matias and Tapia failed to respond to the attack although they were sitting in the office nearby. Another officer, Ruelas, arrived from further away before Matias and Tapia initiated any emergency response procedures.

Defendant Camacho, the gun tower officer in the unit, along with defendants Matias, Tapia, Martinez, and Perez, all witnessed the attack but stood as spectators and declined to use any force to stop the attack and prevent further injury. Knight suffered severe physical trauma and lasting psychological harm.

Knight alleges that defendants violated his Eighth Amendment rights by being deliberately indifferent to his safety, and his Fourteenth Amendment rights by to bodily integrity

and safety. He alleges that defendants Schuyler, Constantino, Ortega, Howard, and Selby are liable as supervisors because they knew or should have known the risk posed to plaintiff but failed to take responsible steps to prevent the attack or discipline the officers involved, who are still on the job. He alleges their failure to train, supervise, or discipline their subordinates was a moving force behind the constitutional violations.

Knight seeks compensatory and punitive damages.

### III.   Analysis

Liberally construed, Knight has stated an Eighth Amendment claim against defendants Camacho, Matias, Tapia, Martinez, and Perez for deliberate indifference to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) ("prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners").

Knight's Fourteenth Amendment claim is dismissed because a safety claim arises out of the Eighth Amendment in the post-conviction context.

Knight has not stated a claim against defendants Schuyler, Constantino, Ortega, Howard, and Selby. To be liable for unsafe prison conditions under the Eighth Amendment, a supervisor must have known that there was a substantial risk that his or her actions would cause inmates harm, and there must be a causal connection between the supervisor's actions and the plaintiff's harm. *Jeffers v. Gomez*, 267 F.3d 895, 914-16 (9th Cir. 2001). Knight has only alleged a failure to train, supervise, or discipline in a conclusory manner. He has not alleged any specific knowledge that the supervisory defendants had about the risk to his safety or about the defendant officers' lack of professional competence, or any actions that any supervisory defendant took that led to his harm. His only specific allegation is a failure to discipline the defendant officers *after* the incident in which he was attacked, but not any failure to discipline the defendant officers prior to the attack, such that the failure could have been a causing factor in defendants' failure to intervene. The supervisory defendants are dismissed.

### IV.   Pro Se Prisoner Mediation Program

The Northern District of California has established a Pro Se Prisoner Mediation Program.

Certain prisoner civil rights cases may be referred to a neutral magistrate judge for settlement proceedings. The proceedings will consist of one or more conferences as determined by Magistrate Judge Robert M. Illman. The Court finds that this action should be referred to Magistrate Judge Illman for settlement proceedings. Accordingly, the Court hereby refers this case to Magistrate Judge Illman for settlement proceedings pursuant to the Pro Se Prisoner Mediation Program. Such proceedings shall take place within 120 days of the date this Order is filed, or as soon thereafter as Magistrate Judge Illman's calendar will permit. Magistrate Judge Illman shall coordinate a place, time and date for one or more settlement conferences with all interested parties and/or their representatives and, within ten (10) days after the conclusion of all settlement proceedings, shall file with the Court a report thereon.

## V.      Motion for Appointment of Counsel

Knight seeks counsel because he has been diagnosed with a bone marrow and blood disorder that has deteriorating effects. He believes he will have begun treatment by the time his case moves forward, and he will be unable to keep pace with scheduling and responding to defendants' counsel.

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id.* (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman*, 390 F.3d at 1103. Both factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.*

Knight's likelihood of success on the merits is not high at the current stage of the case, as defendants have not even appeared or responded yet. His ability to articulate his own claims appears adequate. The motion is denied at this time. Knight may seek additional time to respond

to any filings or court orders as necessitated by his medical condition.

## CONCLUSION

Based on the foregoing, the court orders as follows:

1.    Knight's motion for appointment of counsel (Dkt. No. 2) is denied.

2.    Knight's Fourteenth Amendment claim is dismissed.

3.    Defendants Schuyler, Constantino, Ortega, Howard, and Selby are dismissed.

4.    The court orders that the following defendant correctional officers at SVSP be served electronically:

      a.  A. Camacho

      b.  Gene Matias

      c.  A. Tapia

      d.  E. Martinez

      e.  A. Perez

Service on the listed defendants will be effected via the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, a CDCR Report of E-Service Waiver form and a summons. The clerk is also requested to serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR will provide the court a completed CDCR Report of E-Service Waiver advising the court whether the defendants listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) or whether the defendants decline to waive service or could not be reached. CDCR also will provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, will file with the court a waiver of service of process for the defendants if they are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk is requested to prepare

for the defendants, if they have not waived service according to the CDCR Report of E-Service Waiver, a USM-285 Form. The clerk will provide to the USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk will also provide to the USMS a copy of the CDCR Report of E-Service Waiver.

5.     This action is referred to the Pro Se Prisoner Mediation Program. The Clerk is directed to serve Magistrate Judge Illman with a copy of this Order and to notify Magistrate Judge Illman that a copy of the court file can be retrieved from the Court's electronic filing database.

6.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7.     All communications by Knight with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

8.     It is Knight's responsibility to prosecute this case. Knight must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9.     In view of the referral to the Pro Se Prisoner Mediation Program, after the complaint has been served on the named defendants against whom plaintiff has alleged cognizable claims, all other further proceedings in this case are hereby stayed.

**IT IS SO ORDERED.**

Dated: April 2, 2026

_____
VINCE CHHABRIA
United States District Judge

6